IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION



CHARLES ROBB                                                                           PLAINTIFF

v.                                          CIVIL ACTION NO. 3:17cv486 DPJ-FKB

MISSISSIPPI STATE RATING BUREAU                          DEFENDANT

## COMPLAINT
## JURY TRIAL DEMANDED

**COMES NOW** the Plaintiff, Charles Robb, by and through counsel, Watson & Norris, PLLC, and files this action to recover damages for violations of his rights under the Federal Labor Standards Act (FLSA). In support of this cause, the Plaintiff would show unto the Court the following facts to-wit:

## THE PARTIES

1. Plaintiff, Charles Robb, is a resident of Madison County, Mississippi.

2. Defendant, Mississippi State Rating Bureau, is a Mississippi corporation and may be served through its registered agent, Joe S. Shumaker, 6455 Wirtz Road, Flowood, MS 39232.

## JURISDICTION AND VENUE

3. This Court has federal question jurisdiction and venue is proper in this court.

## STATEMENT OF FACTS

4. Plaintiff was hired as the Network and Systems Administrator for the Mississippi State Rating Bureau in Flowood, MS, on June 14, 2007.

5. At the time of his departure from Defendant's employ, Plaintiff's annual salary was $78,130, which was for seventy-two (72) hours of work every two weeks

which consisted of working 8:00 AM to 5:30 PM, Monday through Friday, with an hour dedicated to lunch and two fifteen minutes breaks. Additionally, Plaintiff was given every other Friday off. Plaintiff resigned on December 9, 2016.

6. During the initial years of his employment with Defendant, Plaintiff was paid for any overtime worked in excess of seventy-two (72) hours every two weeks at rate of one-and-one half or was given hour-for-hour time off the next week.

7. In December 2013, Defendant promoted Plaintiff to the title of IT Manager; however, that position did not qualify for any exemption in order to be properly classified as exempt.

8. Plaintiff's supervisor when he resigned was Brad Little. His prior supervisor, Jarrod Jones, was also a programmer, and Defendant paid Jones overtime pay for any overtime hours he worked.

9. Other supervisors with whom Plaintiff worked were all eligible and paid for overtime. Defendant paid Plaintiff's own prior supervisor for over 400 hours of overtime.

10. In October or November of 2015, Plaintiff made a claim for overtime pay.

11. Plaintiff's then supervisor, Brad Little, told Plaintiff he did not know if Plaintiff was eligible for overtime pay but would check on it.

12. Little came back to Plaintiff and said that his job duties made him exempt from overtime pay, which was legally incorrect.

13. In 2016, Plaintiff was given a $100 referral bonus because Defendant hired a programmer whom Plaintiff had recommended to Defendant. Defendant only made this type of bonus available to non-exempt employees.

2

14. Plaintiff's daily functions consisted of non-exempt types of work; he was basically a help desk technician. Most of his time was spent performing basic desktop and printer repair functions (altering spreadsheets, changing toner cartridges, copying files, creating folders and shortcuts, assisting with web access, passwords).

15. Plaintiff's job duties and daily functions never altered from the day he was hired until the day he left. Plaintiff had no authority to hire, fire or set salaries nor did he have authority to make changes within his department without management approval. In effect, Plaintiff was a supervisor in title only rather than function.

16. At no time during his employment with Defendant, did Plaintiff ever perform any programming or high-level network functions.

17. Plaintiff's supervisor, Brad Little, treated Plaintiff as "exempt" in order to deny him overtime pay to which Plaintiff was legally entitled.

18. Defendant owes Plaintiff $72,000 in unpaid overtime pay alone.

## CAUSES OF ACTION

## COUNT ONE: VIOLATION OF THE FAIR LABOR STANDARDS ACT

19. Plaintiff re-alleges and incorporates all averments set forth in paragraphs 1 through 18 above as if fully incorporated herein.

20. Plaintiff is a non-exempt employee and subject to the provisions of the Fair Labor Standards Act as it pertains to whether or not Plaintiff is entitled to overtime pay for all hours over forty (40) hours worked in a given work week.

21. The Fair Labor Standards Act requires that employees be paid an overtime premium at a rate not less than one and one-half (1 ½) times the regular rate

at which they are employed for all hours in excess of forty (40) hours in a work week. 29 U.S.C. § 207(a).

22. The Plaintiff has not been paid overtime compensation under the Fair Labor Standards Act at a rate of 1 ½ his regular rate of pay.

23. The acts of the Defendant constitute a willful intentional violation of the Fair Labor Standards Act.

## PRAYER FOR RELIEF

**WHEREFORE PREMISES CONSIDERED,** Plaintiff respectfully prays that upon hearing of this matter by a jury, the Plaintiff be granted the following relief in an amount to be determined by the jury:

1. Back overtime wages;
2. Liquidated damages;
3. Attorney fees and costs; and
4. Such other relief as the Court deems just and appropriate.

THIS the 19th day of June 2017.

Respectfully submitted,

CHARLES ROBB, PLAINTIFF

By: _____
Louis H. Watson, Jr. (MB# 9053)
Nick Norris (MB# 101574)
Attorneys for Plaintiff

OF COUNSEL:

WATSON & NORRIS, PLLC
1880 Lakeland Drive, Suite G
Jackson, MS 39216-4972
Telephone: (601) 968-0000
Facsimile: (601) 968-0010
Email: louis@watsonnorris.com.com
Web: www.watsonnorris.com

4